

**77**

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Charles H. Theobald
County Attorney, Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-7018
Re: May a water control and improve-
ment district be created out of
territory situated entirely
within the limits of an incor-
porated city?

We acknowledge receipt of your opinion request of recent
date, and quote from your letter as follows:

"A question has arisen in regard to the creation
of a water control and improvement district on Galveston
Island which, if created, will eventually issue bonds
which must be approved by you. In view of the fact
that you must ultimately pass on the question, I would
like to secure your opinion in advance upon one impor-
tant question.

"There is situated in the City of Galveston an
area on the east end known as the 'flats' which is
now practically worthless but which, if filled in and
reclaimed and properly drained, would be of great value.
The voters of the City of Galveston have on three
different occasions voted down proposed bond issues to
fill in, reclaim and drain this land and the city is
not financially able to do this work out of current
funds. The property owners desire to form a water
control and improvement district for the sole purpose
of filling, reclaiming and draining this property
and the city has indicated that it will construct
streets and necessary drainage for such streets if the
district will bear the burden of reclaiming the land.

"It is proposed that the district, if created,
will issue bonds payable from taxes upon the property
within the district either on an ad valorem basis or
on the basis of assessments according to benefits.
Both the bonds and the creation of the district will,
of course, be submitted to your department for approval.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Charles H. Theobald - Page 2

"The question has arisen as to whether a water
control and improvement district may be created out
of territory situated entirely within the limits of
an incorporated city. Article 7880-4 specifically
provides that such a district may include any portion
of the area of any county 'including towns, villages
and municipal corporations'. Article 7880-115 provides
for a separate election in that part of any proposed
district situated within a municipal corporation. In
this case, there would be only one election precinct
since all the territory would be within the limits of
the City of Galveston. Based on these statutes, it is
my opinion that the answer to the above question should
be in the affirmative but I would appreciate your
advices in this regard.

"I also call your attention to Article 7880-135 which
provides that a water control and improvement district
may be created within a city by ordinance adopted by
the City Commission or Council. In this connection,
I would appreciate your advice on whether or not this
section applies to the City of Galveston, which is a
Home Rule City, and, if so, whether the City Commission
may create such a district to include only a part of
the city.

"Your advice on these matters will be greatly
appreciated."

Water control and improvement districts may be organized
under either Section 52, Art. 3 or Section 59, Art. 16 of the
Constitution of Texas, and Chapter IIIA, Title 128 (Art. 7880),
Vernon's Annotated Civil Statutes.

Art. 7880-3 reads in part as follows:

"Water Control and Improvement Districts may be
organized under the provisions of Section 59, of
Article 16 of the Constitution for any one or more
of the purposes therein provided as follows:

'Including the control, storing, preserva-
tion and distribution of its waters and flood
waters, the waters of its rivers and streams,
for irrigation, power and all other useful pur-
poses, the reclamation and irrigation of its
arid, semi-arid and other lands needing irriga-
tion, the reclamation and drainage, the conserva-
tion and development of its forests, waters and
hydro electric power, the navigation of its

Hon. Charles H. Theobald - age 3

coastal and inland waters, and the preservation and
conservation of all such natural resources of the
State;'***."

It is our understanding that the proposed district would
be organized only for the purpose of reclaiming lands which are
subject to overflow and providing drainage of the excess waters.

Section 3 specifically provides that a water control and
improvement district may be organized for the purpose stated.

Art. 7880-4 provides in part as follows:

"Such districts may include the area of any county
or counties, or any portion thereof, including towns,
villages, or municipal corporations. Such districts
may include any county and number of counties, or any
political subdivision of the State, and defined district
or parts of any or all counties in the State of Texas;
***."

Art. 7880-115 provides in part as follows:

"No town, city or municipal corporation shall be
included within any district organized hereunder
unless the proposition for the organization there-
of shall have been adopted by a majority vote of the
voters therein participating in such election.***'.

The above quoted sections of Art. 7880 specifically
authorize the creation of water control and improvement districts
over towns, villages, and municipal corporations. The creation of
conservation districts to include cities has been expressly recog-
nized by the courts as evidenced by the case of Harris County Flood
Control District v. Mann, 140 S. W. (2d) 1098. This has also
been held to be possible as to districts created under Section 52
of Art. 3 of the Constitution of Texas in such cases as Simmons
v. Lightfoot, 146 S. W. 871; Munson v. Looney, 177 S. W. 1193;
S. A. and A. P. Ry. Co. v. State, 95 S. W. (2d) 681.

Art. 7880-115 provides in part as follows:

"Any town, city or municipal corporation may have
the benefit and powers herein provided under the con-
stitution of this State and may aid any district in
the construction and operation of any such improvements
to the extent that same may be an advantage to such
municipal corporation in the following manner:

"A. The area included in any town, city or
municipal corporation be organized into and constituted

a water control and improvement district with
all the powers, authority and privileges pro-
vided by Section 59 of Art. 16 of the Constitu-
tion and be governed by this Act, by an ordinance
duly enacted by the board of aldermen, commissioners,
or governing body thereof, constituting same a water
control and improvement district and appointing five
directors therefor.***"

The above quoted sections of Art. 7880 authorize the
city council of a city to create a water control and improvement
district over territory within the city. We can see no reason
why the Legislature may not delegate this authority to a city
council as well as a commissioners' court. The commissioners'
court has been delegated this authority in all types of conserva-
tion districts, and the legality of such districts has been up-
held in numerous cases. The conservation amendment requires
the Legislature to make provision for the creation of such
districts as are necessary to carry out the purposes of the
amendment, and does not restrict the manner in which such pro-
visions shall be made. A city council would be a logical agency
as to territory within the city.

In reply to your first question, you are advised that it
is the opinion of this Department that water control and improve-
ment districts may be created out of territory situated entirely
within the limits of an incorporated city for the purpose of
reclaiming lands which are subject to overflow and providing
drainage of the excess waters.

The remaining question is whether or not the City Council
may create a district out of less than all the territory within
the city?

We have carefully studied the statutes governing water con-
servation and improvement districts and the cases construing said
statutes, and we do not find any specific authority for the
creation of a district over part of a city.

We are fully aware that Section 135, quoted above, provides
that a city may have the benefits of powers provided for under the
Constitution - "to the extent that same may be an advantage to
such municipal corporation". This seems to imply that the district
should not include territory within the city that would not be
benefitted. We also note that after the district is created Art.
7880-76 requires the directors to exclude any land that would not
be benefitted.

If this district issues bonds, which we understand they
intend to do, this Department would at the time of the issuance

of said bonds have to approve the district as well as the proposed bonds. We believe that any opinion rendered by this Department wherein this question as to the authority of a municipality to issue evidences of indebtedness arises should be construed against the municipality where there is any serious doubt as to the legal rights to issue same. This policy has also been followed in this Department in approving bonds. We do this in order that an immediate and authoritative determination of the question may be made by our courts. We believe that there is such a reasonable doubt here as to the authority to create the water control and improvement district over a part of a city. You are advised, therefore, that it is the opinion of this Department that said district may not be created over a part of the city.

Very truly yours

ATTORNEY GENERAL OF TEXAS

BY: 

Claud O. Boothman
Assistant

COB:V

APPROVED FEB 21 1946

FIRST ASSISTANT
ATTORNEY GENERAL

